UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Todd Allen Ohlmeier, | File No. 24-CV-04382 (JMB/ECW) |
| Petitioner, | |
| v. | |
| | **ORDER** |
| Warden Jared Rardin,<br>*Warden at FMC Rochester*, | |
| Respondent. | |

Todd Allen Ohlmeier, Rochester, MN, self represented.

This matter is before the Court on the Report and Recommendation (R&R) of United States Magistrate Tony N. Leung,[1] dated December 18, 2024 (Doc. No. 6) on Petitioner Todd Allen Ohlmeier's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Hanley objected to the R&R (Objection). (Doc. No. 7) Respondent Warden Jared Rardin did not respond. For the reasons explained below, the Court will return this matter to the Magistrate Judge for further consideration.

## BACKGROUND

The factual background for this matter is set forth in the R&R and is incorporated here by reference. Because the R&R provides a detailed history, which Ohlmeier himself agrees is accurate (Doc. No. 7 at 1), the Court only briefly summarizes it here.

---

[1] On March 12, 2025, the case was reassigned to United States Magistrate Judge Elizabeth Cowan Wright due to the retirement of Magistrate Judge Leung.

1

Ohlmeier is serving a term of incarceration at FMC Rochester.  (Doc. No. 1.) According to Ohlmeier, officials at FMC Rochester would like him to pay $300 per month toward certain restitution obligations ordered by the sentencing Court.  (Doc. No. 2.)

In December 2024, Ohlmeier filed a Petition in which he argued that (1) the BOP's attempts to collect restitution during his incarceration (as opposed to after his release to supervised release) amounts to an illegal amendment to the sentencing judgment; and (2) his refusal to comply with the BOP's restitution collection efforts has resulted in the BOP denying him certain "rights and privileges," even though the BOP has not charged him of any specific rule violation.

Approximately five months before filing his Petition, Ohlmeier initiated the BOP's well-established grievance system to address his concerns.  *See* 28 C.F.R. §§ 542.10–.19. Specifically, on July 11, 2024, Ohlmeier sent a notice of cause of action and informal resolution (Notice) to a unit manager, Todd Valento.  (Doc. No. 1-1.)  According to Ohlmeier, he received no response to the Notice.  As a result of Valento's non-response, Ohlmeier asserts in his Petition that he exhausted his administrative remedies because pursuing further remedies with the BOP would be "futile."  (Doc. No. 1-1 at 2–3.)

The Magistrate Judge recommended denying Ohlmeier's Petition and dismissing this matter without prejudice on grounds that Ohlmeier did not exhaust his administrative remedies with the BOP before filing his Petition.  (*See* Doc. No. 6.)  The Magistrate Judge observed that, under applicable regulations, the BOP's failure to respond to the Notice constituted a denial of Ohlmeier's request for informal dispute resolution, which would have permitted Ohlmeier to escalate his complaint (which he did not do).  (*Id.* at 4–5 (citing

28 C.F.R. § 542.18, and *Wolf v. Johnson*, No. 08-CV-0818 (PJS/JSM), 2009 WL 585971, at *7 (D. Minn. Mar. 6, 2009)). Thus, the R&R concludes that Ohlmeier failed to exhaust his administrative remedies, and the Petition is not properly before the Court. (*Id.* at 4–5.)

## DISCUSSION

The Court conducts a de novo review of any portion of an R&R to which a petitioner makes specific objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). The Court gives the filings and objections of self-represented litigants liberal construction. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Ohlmeier objects to the Magistrate Judge's conclusion that failed to exhaust his administrative remedies by not escalating his complaint with the BOP after his Notice went unanswered. Ohlmeier's Objection and the R&R itself implicate the BOP's Administrative Remedy Program, 28 C.F.R. §§ 542.10–.19 (ARP), the express purpose of which is "to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Under the ARP, the first step is to "present an issue of concern informally to staff, and staff shall attempt to resolve the issue before an inmate submits a Request for Administrative Remedy." *Id.* §§ 542.13(a). Within twenty days after receiving a response on the informal resolution request, an inmate may file a Request for Administrative Remedy using a "BP-9" form. *Id.* § 542.14(a). The regulations also provide that, if an inmate's response is unanswered, the inmate "may consider the absence of a response to be a denial" of the request. *Id.* § 542.18.

In his Objection, Ohlmeier concedes that the Notice was a request for informal resolution. (Doc. No. 7 at 2.) However, for the first time, Ohlmeier makes a clarification

3

to the argument that he presented to the Magistrate Judge. Ohlmeier explains that he was unable to continue to escalate his complaint in accordance with the ARP because, at least at his facility, BP-9 forms are only made available to inmates who have a copy of the response to the original request for informal resolution. (*Id.*) As a result, Ohlmeier argues, Valento's failure to respond to his Notice effectively ended the administrative remedies available *to him*. (*Id.* at 2–3.)

Given the Ohlmeier's clarification about the availability of administrative remedies at his facility and Respondent's lack of response, the Court will return this matter to the Magistrate Judge to determine whether Ohlmeier exhausted available administrative remedies before filing his Petition.

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The matter is RETURNED to the Magistrate Judge to consider the clarified factual representations regarding Ohlmeier's attempted exhaustion of his administrative remedies at FMC Rochester, and whether those efforts were sufficient to satisfy his obligation to exhaust available administrative remedies before filing his Petition. (Doc. No. 6.)

2. After an Amended Report and Recommendation is issued, the parties shall have an opportunity to make objections as provided for in Rule 72 of the Federal Rules of Civil Procedure.

Dated: March 27, 2025                                    /s/ *Jeffrey M. Bryan*
                                                         Judge Jeffrey M. Bryan
                                                         United States District Court