# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Todd Allen Ohlmeier,                           Case No. 24-cv-04382 (JMB/ECW)

        Petitioner,

v.                                             **REPORT AND RECOMMENDATION**

Warden Jared Rardin,
*Warden at FMC-Rochester*,

        Respondent.

This matter is before the Court on Petitioner Todd Allen Ohlmeier's Petition for a Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241 (Dkt. 1). This case has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the following reasons, the Court recommends the Petition be denied.

## I. BACKGROUND

Ohlmeier was sentenced to a 96-month term of imprisonment for Receipt of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2) and 2252A(b)(1). (Dkt. 14 ¶ 4; Dkt 14-1 at 2.) He is currently serving his sentence at FMC Rochester. (Dkt. 14 ¶ 3.) Ohlmeier filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, which was received by the Court on December 5, 2024. (Dkt. 1.) On December 18, 2024, U.S. Magistrate Judge Tony N. Leung issued a report and recommendation ("December

R&R") that set forth relevant background information for the Petition and its arguments

as follows:

> In October 2020, Ohlmeier pleaded guilty to receiving child pornography (in violation of 18 U.S.C. § 2252A(a)(2)). U.S. District Judge Rebecca Goodgame Ebinger later sentenced him to 96 months' imprisonment. The original judgment required Ohlmeier to pay two assessments: a $3,000 "AVAA Assessment" under the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, and a $5,000 "JVTA Assessment" under the Justice for Victims of Trafficking Act of 2015. The U.S. Court of Appeals for the Eighth Circuit later reversed the JVTA Assessment, but the AVAA Assessment remains. *See United States v. Ohlmeier*, 25 F.4th 571, 574 (8th Cir. 2022); Am. J. in a Criminal Case 7, *United States v. Ohlmeier*, No. 20-CR-0019 (RGE/WPK) (S.D. Iowa Mar. 9, 2022) ("Amended Judgment").

> Ohlmeier is currently incarcerated at the Federal Medical Center in Rochester, Minnesota ("FMC-Rochester"). Officials at FMC-Rochester are trying to make Ohlmeier pay $300 per month toward his "'restitution' payments,'" including the AVAA Assessment. In response, Ohlmeier filed the Petition, raising two challenges. First, he argues that the BOP's efforts to collect restitution during his incarceration—before supervised release— constitute unlawful amendments to Judge Ebinger's judgment. Second, he contends that his refusal to comply has resulted in the denial of certain "rights and privileges," even though he has not been charged with any "rule violation." Specifically, he asserts that he cannot "purchase commissary items" and is "not earning Good Time Credits" due to his refusal.

(Dkt. 6 at 1-2 (citations and footnote omitted).)  Judge Leung recommended that the

Petition be denied because Ohlmeier had apparently failed to exhaust administrative

remedies.  (Dkt. 6 at 4.)  Following Judge Leung's retirement, this case was reassigned to

the undersigned.  (Dkt. 9.)  On March 27, 2025, the District Judge declined to adopt the

December R&R in light of new information raised in Petitioner's Objection (Dkt. 7) and

remanded the case to the undersigned "to consider the clarified factual representations

regarding Ohlmeier's attempted exhaustion of his administrative remedies at FMC

Rochester, and whether those efforts were sufficient to satisfy his obligation to exhaust available administrative remedies before filing his Petition" (Dkt. 10 at 4).

On April 30, 2025, the undersigned issued an Order and Report and Recommendation ("April R&R"). (Dkts. 11-12.) The undersigned recommended that Petitioner's failure to exhaust be partially excused, without prejudice to the Respondent's ability to rase additional exhaustion related arguments; that the Petition be denied to the extent it argues that (1) the BOP's requirement that he make restitution payments now violates his sentencing judgment and (2) the BOP's denial of commissary access at FMC-Rochester violates his due process rights; and that Respondent be required to respond to Petitioner's claim regarding the denial of good conduct time pursuant to 28 C.F.R. § 523.20. (Dkts. 11-12.) Respondent filed his response on May 28, 2025, and Petitioner filed his reply on June 16, 2025. (Dkts. 13, 16.) On July 9, 2025, the District Judge adopted the April R&R. (Dkt. 17.) The remaining issue of good-conduct time is now ripe for decision.

## II.     DISCUSSION

In its response, Respondent maintains that Petitioner has failed to exhaust his administrative remedies and provides further information related to the BOP's administrative remedy program, in addition to responding to the Petition on the merits. (*See generally* Dkt. 13.) For the reasons discussed below, the Court concludes that judicial economy is best served by resolving this matter on the merits, rather than on the question of administrative exhaustion.

Pursuant to 18 U.S.C. § 3624(b):

a prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, of up to 54 days for each year of the prisoner's sentence imposed by the court, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. Subject to paragraph (2), if the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate.

18 U.S.C. § 3624(b)(1).  The Petition asserted that Respondent denied Petitioner "Good Time Credits" as a result of his failure to pay restitution.  (Dkt. 1 at 6.)  The Court understands Petitioner's reference to "Good Time Credits" to mean good-conduct time pursuant to 18 U.S.C. § 3624(b).

However, Respondent asserts that Petitioner has not lost any credits as a result of his conduct with respect to restitution.  (Dkt. 13 at 6.)  Respondent submitted evidence that the only good-conduct time credits that Petitioner has ever lost resulted from an incident in November 2021, in which Petitioner was found responsible for destroying government property, including trying to break a sprinkler.  (Dkt. 14 ¶ 6; Dkts. 14-2, 14-3.)  The Petition did not challenge this disallowance of good-conduct time based on this incident or any other incident.

Petitioner's reply memorandum does not rebut Respondent's evidence showing that he was not disallowed good-conduct time for failing to pay restitution.  In fact, the reply makes no mention of good-conduct time at all, and instead repeats Petitioner's arguments related to his dismissed claims.  (*See generally* Dkt. 16.)  Given Petitioner's failure to rebut the clear evidence provided by Respondent, the Court concludes that no

evidentiary hearing is necessary to resolve the question of whether Petitioner has been improperly disallowed good conduct time for failing to pay restitution, as alleged in the Petition. *See Wallace v. Lockhart*, 701 F.2d 719, 730 (8th Cir. 1983) (holding that a habeas petition may be dismissed without an evidentiary hearing where the dispute can be resolved on the basis of the record). Accordingly, the Court recommends denial of Petitioner's remaining claim.

## III.    RECOMMENDATION

Based on the above, and on all the files, records, and proceedings herein, **IT IS RECOMMENDED THAT** Petitioner Todd Allen Ohlmeier's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Dkt. 1) be **DENIED**.

Dated: April 2, 2026
          *s/Elizabeth Cowan Wright*
          ELIZABETH COWAN WRIGHT
          United States Magistrate Judge

## <u>NOTICE</u>

**Filing Objections:** The Report and Recommendation component of this Order and Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).

.